UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FREDDY LORENZO ADAMS,**

**Plaintiff,**

v.                                             CASE NO.:

**LIFE CARE CENTERS OF
AMERICA, INC. d/b/a LIFE CARE
CENTER OF OCALA**

**Defendant.**
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, LIFE CARE CENTERS OF AMERICA, INC. ("Defendant"), by and through its undersigned attorneys, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby files this Notice of and Petition for Removal. Defendant requests that this Court remove the civil action from the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. The grounds for removal of this civil action are set forth below.

## I. INTRODUCTION

Plaintiff, Freddy Lorenzo Adams ("Plaintiff"), a former employee, brought this action on or about January 13, 2024, in the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida, under the name and style, *Freddy Lorenzo Adams v. Life Care Centers of America, Inc. d/b/a Life Care Center of Ocala* (the "Circuit Court Case"). Defendant was served with the Complaint on January 23, 2024. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 1.06 of the United States District Court for the Middle District of Florida. In the Complaint, Plaintiff alleged violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). *See* Comp. Ex. "A," Compl. at ¶ 6.

The United States District Court for the Middle District of Florida, Ocala Division, encompasses the judicial district in which Plaintiff filed the Complaint. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06 of the United States District Court for the Middle District of Florida. This Notice of and Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Fifth Judicial Circuit, in and for Marion County, Florida.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-CV-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### B.   Complete Diversity of Citizenship Exists Between the Parties

Plaintiff is a resident of the State of Florida. *See* Comp. Ex. "A," Compl. at the paragraph preceding Paragraph 1. *See also* Declaration of Virginia Jones, attached as "**Exhibit B**."

Defendant is organized under the laws of Tennessee and has its principal place of business in Cleveland, Tennessee. *See* Declaration of Joseph Jicha,¶ 3, attached as "**Exhibit C**."

Defendant is therefore and has been at all times relevant to this lawsuit, a citizen of the state of Tennessee. *See Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 755 (11th Cir. 2015) ("For diversity jurisdiction purposes, a corporation is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business"); *see also* 28 U.S.C.S. § 1332(c)(1)).

Since Defendant is not a citizen of the State of Florida, like Plaintiff, Defendant has satisfied its burden of showing there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of domicile and citizenship supports a finding that diversity exists, and removal is proper).

C. **The Amount in Controversy Exceeds $75,000[1]**

The damages claimed by Plaintiff indicate that the amount in controversy requirement is met. Plaintiff alleges the following categories of damages: (1) lost

---

[1] Defendant does not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

4

wages and benefits, past and future; (2) compensatory damages, including damages for emotional distress and mental anguish; and (3) attorneys' fees and costs. *See* Comp. Ex. "A," Compl. at ¶¶ 47 and 59, and WHEREFORE clauses following ¶¶ 47 and 59.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).[2] While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence

---

[2] Plaintiff asserts in his Complaint that "[t]his is an action for damages which exceeds fifty thousand dollars ($50,000.00)." See Comp. Ex. A, at ¶ 5. Regardless, the amount in controversy exceeds $75,000.

5

combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

### i. Back Pay and Front Pay

In the event Plaintiff prevails on his claims under the FCRA, he would be presumptively entitled to recover damages for back pay. § 760.11(5), Fla. Stat. "[I]n determining the amount in controversy, the Court should calculate back pay from the date of termination until, at a minimum, the proposed trial date." *Jiles v. UPS*, No. 3:07-cv-1115-J-25MCR, 2008 U.S. Dist. LEXIS 128041, at *6 (M.D. Fla. Jan. 10, 2008); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *9 (M.D. Fla. May 11, 2005). A trial date of approximately twelve months from the date of the removal is customary. *Id.* at *11; *see also Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff's employment was terminated on or about February 28, 2023. *See* Comp. Ex. "A," Compl. at ¶ 32. At the time of his termination of employment, Plaintiff earned $17 per hour, which would equate to approximately $680.00 per

week on average for 40 hours of work per week. *See* Jicha Decl. ¶ 3. Plaintiff's potential back pay can be determined by calculating his lost wages from the date he was terminated through the date of trial. At the time of removal, Plaintiff could be eligible for approximately **$34,680** in back pay.  Further, when conservatively applied to an estimated trial date of February 23, 2025 (12 months from removal), Plaintiff could be entitled to approximately 104 weeks of back pay damages, or approximately **$70,720**

Courts have previously held that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017) (citing cases). While Defendant maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to **$35,360.** The combined amount of back pay and front pay damages that Plaintiff has placed in controversy in this case totals approximately **$70,720– $106-760.** Accordingly, the amount in controversy requirement is likely satisfied considering alleged wage loss damages alone.

### ii. Compensatory Damages

Plaintiff additionally seeks compensatory damages, including damages for "pain and suffering, mental anguish, loss of dignity loss of capacity for the

enjoyment of life, and irreparable damages to his family and relationships." *See* Comp. Ex. "A," Compl. at ¶¶ 3, 47, 59.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017). However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000** in compensatory damages for the purpose of determining the amount in controversy.

### iii.   Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees. *See* Comp. Ex. "A", Compl., WHEREFORE clauses following ¶¶ 47 and 59. An award of attorney's fees is permitted to the prevailing party under the FCRA. § 760.11(5), Fla. Stat. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g., Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008).

Defendant conservatively estimates that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur*

9

*v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case). Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

    **iv.**    **Total Amount in Controversy**

While Defendant disputes the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant requests that this Court accept the removal of this action from the Circuit Court of the Fifth Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated February 22, 2024.

                        Respectfully submitted,

                        By: */s/ B. Tyler White*
                        B. Tyler White, Esq.
                        Florida Bar No. 38213
                        Catherine E. Barton
                        Florida Bar No. 1032071
                        **JACKSON LEWIS, P.C.**
                        501 Riverside Avenue, Suite 902
                        Jacksonville, FL 32202
                        (904) 638-2655
                        Tyler.White@jacksonlewis.com
                        Catherine.Barton@jacksonlewis.com
                        Alexandrea.Price@jacksonlewis.com

                        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 22nd day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

                    Jason W. Imler, Esq.
                    IMLER LAW
              23110 State Road 54, Unit 407
                  Lutz, Florida 33549
                    813-553-7709
                  Jason@ImlerLaw.com

                            */s/ B. Tyler White*
                            Attorney