# COMPOSITE EXHIBIT A



New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 422024CA000073CAAXMX [24CA000073AX] | 01/13/2024 | Circuit Civil 3-C | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 01/13/2024 | OTHER CIVIL-DISCRIMINATION-EMPLOYMENT OR OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SANDERS, GARY LAMAR | JUDGE | | |
| LIFE CARE CENTERS OF AMERICA,  Search This Party | DEFENDANT | | |
| D/B/A LIFE CARE CENTER OF OCAL  Search This Party | ALSO KNOWN AS | | |
| ADAMS, FREDDY L  Search This Party | PLAINTIFF | IMLER, JASON WILLIAM | 1004422 |

### Dockets         —

Page : 1    ı◀  ◀◀  ▶▶    ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 11 | 01/24/2024 | SUMMONS RETURNED SERVED ON LIFE CARE CENTERS OF AMERICA INC | 4 |
| 📄 | 10 | 01/24/2024 | NOTICE OF FILING PROOF OF SERVICE FILED BY PLTF | 2 |
| 📄 | 9 | 01/22/2024 | SUMMONS ISSUED | 3 |
| | 4 | 01/16/2024 | Payment received: $410.00 Receipt Number XX 921819 | |
| | 2 | 01/16/2024 | Judge: Assigned | |
| 📄 | 8 | 01/13/2024 | EFILED SUMMONS | 3 |
| 📄 | 7 | 01/13/2024 | PETITION/COMPLAINT | 12 |
| 📄 | 6 | 01/13/2024 | CIVIL COVER SHEET | 3 |
| | 5 | 01/13/2024 | Filer Selected Confidentiality Flag: NoConfidentialInformation | |
| | 3 | 01/13/2024 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 01/13/2024 | Case 422024CA000073CAAXMX Filed with Clerk on 1/13/2024 | |

### Judge Assignment History         —

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 01/16/2024 | - | SANDERS, GARY L | |

### Court Events         —

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary         —

| Financial Summary | | |
|---|---|---|
| Assessment | Total: $410.00 | Paid to Date: $410.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $410.00 | $410.00 | $0.00 | $0.00 | - |

### Reopen History         —

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Privacy - Terms

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MARION</u>   COUNTY, FLORIDA

<u>FREDDY L ADAMS</u>
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.

<u>LIFE CARE CENTERS OF AMERICA, INC.</u>
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason William Imler</u>        Fla. Bar # <u>1004422</u>
      Attorney or party                   (Bar # if attorney)

<u>Jason William Imler</u>         <u>01/13/2024</u>
 (type or print name)             Date

**IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR MARION COUNTY, FLORIDA**
**CIVIL DIVISION**

**FREDDY LORENZO ADAMS,**

      **Plaintiff,**

**v.**                                        **CASE NO:**

**LIFE CARE CENTERS OF AMERICA, INC.**
**d/b/a LIFE CARE CENTER OF OCALA,**

      **Defendant.**

_____./

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, FREDDY LORENZO ADAMS, (hereinafter "Plaintiff" or "Mr. Adams"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA (hereinafter "Defendant" or "Life Care") and alleges:

**INTRODUCTION**

1.      The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on race in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his race, and retaliated against him in violation of his rights under the FCRA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and

personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.     Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This is an action for damages which exceed fifty thousand dollars ($50,000.00).

6.     This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*.

7.     Venue is appropriate in Marion County under § 47.011, Florida Statutes (2016), because the events giving rise to the cause of action occurred in Marion County.

## PARTIES

8.     Plaintiff is a forty-three-year-old African American male.

9.     Plaintiff is a member of a class protected against discrimination based on his race under the FCRA.

10.     During the period from November 7, 2022, until February 28, 2023, Defendant employed Plaintiff.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state statutes.

12.     The Defendant is LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA, a Foreign Profit Corporation with a principal place of business located at 3570 KEITH STREET, N.W., CLEVELAND, TN 37312-4309.

13.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Marion County, Florida including their location at 2800 SW 41st St, Ocala, FL 34474, where they employed Plaintiff.

14.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable state statutes including, but not limited to, the FCRA.

15.     Accordingly, Defendant is liable under the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On July 3, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race discrimination and retaliation.

19.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.     On November 7, 2022, Life Care hired Mr. Adams to work as a Maintenance Assistant. He reported directly to the Manager of Maintenance, Craig Tent (Caucasian), and the Manager of Housekeeping, Denise Conage (African American).

23.     Mr. Adams endured discrimination and harassment daily. Mr. Adams' supervisors

forced him to participate in numerous meetings, sometimes four or five daily. During these meetings, Mr. Tent would attempt to intimidate Mr. Adams by standing near him, raising his voice, and almost physically assaulting Mr. Adams. On occasion, Mr. Adams asked permission to be excused from these meetings as he did not feel comfortable in that hostile environment. However, Mr. Tent and Ms. Conage told Mr. Adams that leaving would be considered insubordination, so he had no choice but to stay.

24.     Mr. Tent repeatedly accused Mr. Adams of "stealing time," arguing that the company paid Mr. Adams for not doing his job. In response, Mr. Adams asserted that he excelled at his role, citing numerous compliments he had received for his work.

25.     At one point, a fellow maintenance employee named Albert asked Ms. Conage and Mr. Tent to not be so harsh on Mr. Adams, but Albert ended up being reprimanded for coming to Mr. Adams' defense.

26.     In another meeting, Mr. Adams asked his supervisors if they could keep the door open and allow him to stand at the entrance. In response, Mr. Tent quickly closed the door, nearly slamming Mr. Adams' arm in the process. Understandably upset, Mr. Adams left the office, but Mr. Tent insisted he return as he had Administrator Melissa Rahn on the phone. Mr. Tent proceeded to bash Mr. Adams' character while talking to Ms. Rahn on the phone. Mr. Tent then asked Ms. Rahn if Mr. Adams could clock out for the rest of the day. When Ms. Rahn realized that Mr. Adams was present in the room hearing everything, she asked Mr. Adams to step out of the office for a moment. A few minutes later, Ms. Rahn called Mr. Adams to tell him that he did not have to go home but that he should avoid Mr. Tent.

27.     Ms. Conage took part in the discrimination against Mr. Adams as well. One time, Ms. Conage told Mr. Adams, "I am not going to allow no fucking nigger, Spanish person, or Puerto

Rican to take my job."

28.     Mr. Adams' coworkers noticed the harassment he was subjected to and raised concerns about Mr. Tent and Ms. Conage.

29.     Despite the company's "open door" policy of asking questions, Mr. Adams' supervisors discouraged Mr. Adams from reaching out to Ms. Rahn. They tried to convince Mr. Adams that Ms. Rahn would not want to hear from him and that it would only serve to frustrate her.

30.     Mr. Adams refused to be intimidated by his supervisors and contacted HR in early February 2023 to file a complaint. In response, HR came out to the facility and asked questions regarding Mr. Adams' complaint.

31.     Following HR's visit, Ms. Conage and Mr. Tent began retaliating against Mr. Adams. They would assign Mr. Adams an overwhelming number of tasks instead of dividing those tasks evenly among the team. They would also instruct Mr. Adams to complete his assignments in the same timeframe as a three-person crew. Mr. Adams tried to reason with his supervisors about his excessive workload and unrealistic deadlines, but they simply told Mr. Adams that if he did not like his job, he should just find another one.

32.     On February 28, 2023, Life Care terminated Mr. Adams for allegedly neglecting to take out the trash. Mr. Tent had taken a picture of trash, sent it to Ms. Rahn, and fabricated a story that Mr. Adams had not taken out the trash that day. However, Mr. Adams always made sure to make his morning, afternoon, and before-clocking-out rounds, and February 28, 2023, was no exception. When Mr. Adams left the building on the day of his termination, Mr. Tent laughed at Mr. Adams as he passed by him.

33.     Life Care later argued that Mr. Adams violated company policy by working

overtime without approval from his supervisors. However, the reason Mr. Adams worked overtime in the first place is because several employees were out sick due to COVID-19. Both Mr. Tent and Ms. Conage had explicitly told Mr. Adams that he was welcome to work extra hours considering the staff shortage. Additionally, Mr. Adams occasionally clocked in early to accommodate the extra tasks assigned to him by Ms. Conage due to the lack of staff. Ms. Conage would always forget to communicate this to Mr. Tent, who believed Mr. Adams clocked in early without permission.

34.     The company also claimed that Mr. Adams was disrespectful to his co-worker Ed Hernandez, but this claim is entirely unfounded. Mr. Adams and Mr. Hernandez were good friends, so much so that in June 2023, the latter confided multiple times in Mr. Adams about his plans to resign because he did not like how Ms. Conage treated him. Moreover, Mr. Adams got along well with the rest of the staff. In fact, he often received compliments for his performance and work ethic from employees outside of his department.

35.     The company further claimed that Mr. Adams missed work on February 4, 2023, and that he failed to notify his supervisors. That day, Mr. Adams had to stay home because he contracted COVID-19. While out sick, Mr. Tent asked Mr. Adams to go back to the facility to fill out some medical forms, threatening to terminate Mr. Adams if he did not comply. Mr. Adams explained to Mr. Tent that he felt so sick that he could not drive to work. However, following his recovery, Mr. Adams submitted the required medical documentation to justify his absence.

36.     Lastly, the company accused Mr. Adams of washing his clothes in the industrial facility washer and of staying in the laundry room until his clothes were ready without permission. In reality, Mr. Adams asked Ms. Conage permission to wash his clothes there after confiding in her and Mr. Tent that he had lost his house and that he was living in a hotel nearby. Ms. Conage

granted Mr. Adams permission to wash his clothes if he worked in the laundry department while
doing so, which is exactly what he did.

**COUNT I**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Race Discrimination**

37.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in
each of the preceding Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.     Plaintiff, a forty-three-year-old African American male., is a member of a protected
class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of his race.

39.     At all times material herein, Defendant employed Plaintiff and Defendant was and
is an "employer" within the meaning of the FCRA.

40.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida
Statutes, in that the definition includes "an individual, association, corporation, joint
apprenticeship committee, joint-stock company, labor union, legal representative, mutual
company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any
other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6),
Florida Statutes.

41.     At all times material herein, Defendant was and is an "employer" within the
meaning of the FCRA. § 760.02(7), Florida Statutes.

42.     The actions and inaction of Defendant, by and through the conduct of its employees,
supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful
discrimination based on his race.

43.     As his employer, Defendant was obligated to guard against the disparate treatment
and discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of

Defendant and to protect Plaintiff from discrimination in the workplace.

44.     Defendant violated the FCRA by, among other things, failing to promptly correct Mr. Tent and Ms. Conage's discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of his race.

45.     Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

46.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

47.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, FREDDY LORENZO ADAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his race;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual

loss that he has suffered because of Defendant's discrimination against him, including, but

not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and

related benefits, and any other appropriate nondiscriminatory measures to overcome the

effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and

completely compensate Plaintiff for the nature, extent, and duration of the injuries and

damages caused by Defendant's discriminatory conduct and actions, pursuant to and within

the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but

not limited to, the damages set forth above and other economic losses proximately caused

and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, including litigation expenses, and the

costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just,

and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Retaliation

48.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in

each of the preceding Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

49.     Plaintiff, a forty-three-year-old African American male, is a member of a protected

class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of his race.

50.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

51.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

52.     At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

53.     LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA subjected Plaintiff to adverse employment actions in retaliation for filing a complaint regarding Mr. Tent and Ms. Conage's discriminatory behavior by overworking him and terminating his employment.

54.      The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

55.     As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

56.     Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

57.     Plaintiff, by being subjected to this retaliation created by Defendant, was

unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

58.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived him of statutory rights under the FCRA.

59.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, FREDDY LORENZO ADAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

    A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on his complaint regarding discrimination by terminating his employment;

    B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's retaliation against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of

the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 13th day of January 2024.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

**FREDDY LORENZO ADAMS,**

     **Plaintiff,**

**v.**                                                                                      **CASE NO:**

**LIFE CARE CENTERS OF AMERICA, INC.**
**d/b/a LIFE CARE CENTER OF OCALA,**

     **Defendant.**

_____./

<u>**SUMMONS**</u>

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this
action on defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER
OF OCALA's registered agent:

**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

Each defendant is required to serve written defenses to the complaint or petition on <u>Jason W. Imler</u>,
plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within
20[1] days after service of this summons on that defendant, exclusive of the day of service, and to
file the original of the defenses with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against
that defendant for the relief demanded in the complaint or petition.

DATED on this 13th day of January 2024

/s/ Jason W. Imler_____                GREGORY C. HARRELL
Printed: _____Jason W. Imler_____        As Clerk of the Court
Attorney for FREDDY LORENZO ADAMS
23110 State Road 54, Unit 407                           By: _____
Lutz, Florida 33549                                              As Deputy Clerk
Phone  (813) 553-7709                                         (352) 754-4201
Florida Bar No.: ___1004422_____

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to participate in a proceeding, you are entitled, at no cost to you, the provision of certain assistance.  Please contact the ADA Coordinator for the Courts within 2 working days of your receipt of your notice to appear in Court at: Citrus County, John Sullivan (352) 341-6700; Hernando County, Peggy Welch (352) 754-4402; Lake County, Laurie Crews (352) 253-0900 x100; Marion County, Tameka Gordon (352) 401-6701; or Sumter County, Lorna Barker (352) 569-6088.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici,si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite,il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

**IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION**

**FREDDY LORENZO ADAMS,**

     **Plaintiff,**

**v.**                            **CASE NO:** 24-CA-73

**LIFE CARE CENTERS OF AMERICA, INC.
d/b/a LIFE CARE CENTER OF OCALA,**

     **Defendant.**

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA's registered agent:

**CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301**

Each defendant is required to serve written defenses to the complaint or petition on <u>Jason W. Imler</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                    22ND
DATED on this ~~13th~~ day of January 2024

<u>/s/ Jason W. Imler</u>                           GREGORY C. HARRELL
Printed: _____Jason W. Imler_____       As Clerk of the Court
Attorney for FREDDY LORENZO ADAMS
23110 State Road 54, Unit 407
Lutz, Florida 33549                         By: _____
Phone (813) 553-7709                       As Deputy Clerk
Florida Bar No.: ___1004422_____    (352) 754-4201



1

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to participate in a proceeding, you are entitled, at no cost to you, the provision of certain assistance.  Please contact the ADA Coordinator for the Courts within 2 working days of your receipt of your notice to appear in Court at: Citrus County, John Sullivan (352) 341-6700; Hernando County, Peggy Welch (352) 754-4402; Lake County, Laurie Crews (352) 253-0900 x100; Marion County, Tameka Gordon (352) 401-6701; or Sumter County, Lorna Barker (352) 569-6088.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas
de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

2

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici,si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite,il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

3

**IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION**

**FREDDY LORENZO ADAMS,**

      **Plaintiff,**

**v.**                        **CASE NO:   24-CA-73**

**LIFE CARE CENTERS OF AMERICA, INC.
d/b/a LIFE CARE CENTER OF OCALA,**

      **Defendant.**

_____./

### PLAINTIFF'S NOTICE OF FILING PROOF OF SERVICE ON DEFENDANT

    The Plaintiff, FREDDY LORENZO ADAMS, hereby files the attached Proof of Service against Defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA.

                                  Respectfully Submitted by:

                                  */s/ Jason W. Imler, Esq*
                                  Jason W. Imler
                                  Florida Bar No. 1004422
                                  **Imler Law**
                                  23110 State Road 54, Unit 407
                                  Lutz, Florida 33549
                                  (P): 813-553-7709
                                  Jason@ImlerLaw.com
                                  *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2024, I electronically filed the foregoing with

the Clerk of court using CM/ECF system.

<div style="margin-left:50%">

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
*Attorneys for Plaintiff*

</div>



## RETURN OF SERVICE

**State of Florida**                                                      **County of Marion**

Case Number: 24-CA-73

Plaintiff:
**Freddy Lorenzo Adams**

vs.

Defendant:
**Life Care Centers of America, Inc. d/b/a Life Care Centerss of Ocala**

BPA2024000054

For:
Jason Imler
Imler Law
23110 State Road 54 #407
Lutz, FL 33549

Received by BARRETT PARALEGAL SERVICES, INC. on the 23rd day of January, 2024 at 9:50 am to be served on **Life Care Centers of America, Inc. d/b/a Life Care Center of Ocala, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

I, Christopher Scott Kady, do hereby affirm that on the **24th day of January, 2024 at 12:00 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** Served the within named business entity by delivering a true copy of **Summons; Complaint; and Civil Cover Sheet** to: **Cierra Young** as Service Liaison, an employee of the Registered Agent after confirming the Registered Agent was not in the office or was otherwise unavailable, pursuant to the requirements of Fla. Stat. 48.091, and informed said person of the contents therein, at **1201 Hays Street, TALLAHASSEE, FL 32301.** on behalf of **Life Care Centers of America, Inc. d/b/a Life Care Center of Ocala**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 32, Sex: F, Race/Skin Color: Black, Height: 5'9", Weight: 180, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

_____
**Christopher Scott Kady**
Process Server #237

**BARRETT PARALEGAL SERVICES, INC.**
**23024 Sw 104th Place**
**Cutler Bay, FL 33190**
**(305) 878-5310**

Our Job Serial Number: BPA-2024000054

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

Case 5:24-cv-00083-TJC-PRL   Document 1-1   Filed 02/22/24   Page 27 of 29 PageID 38

| DELIVERED | 1/24/2024 12:00 PM |
|---|---|
| SERVER | CK |
| LICENSE | Process Server #237 |

**IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR MARION COUNTY, FLORIDA**
**CIVIL DIVISION**

**FREDDY LORENZO ADAMS,**

     **Plaintiff,**

**v.**                                   **CASE NO:**  24-CA-73

**LIFE CARE CENTERS OF AMERICA, INC.**
**d/b/a LIFE CARE CENTER OF OCALA,**

     **Defendant.**

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant, LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER OF OCALA's registered agent:

**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

Each defendant is required to serve written defenses to the complaint or petition on <u>Jason W. Imler</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                 22ND
DATED on this ~~13th~~ day of January 2024

<u>/s/ Jason W. Imler</u>                             GREGORY C. HARRELL
Printed: _____Jason W. Imler_____       As Clerk of the Court
Attorney for FREDDY LORENZO ADAMS
23110 State Road 54, Unit 407
Lutz, Florida 33549                        By: _____
Phone  (813) 553-7709                    As Deputy Clerk
Florida Bar No.: __1004422_____    (352) 754-4201

1

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs an accommodation in order to participate in a proceeding, you are entitled, at no cost to you, the provision of certain assistance.  Please contact the ADA Coordinator for the Courts within 2 working days of your receipt of your notice to appear in Court at: Citrus County, John Sullivan (352) 341-6700; Hernando County, Peggy Welch (352) 754-4402; Lake County, Laurie Crews (352) 253-0900 x100; Marion County, Tameka Gordon (352) 401-6701; or Sumter County, Lorna Barker (352) 569-6088.

<div align="center">IMPORTANT</div>

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

<div align="center">IMPORTANTE</div>

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas
de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici,si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite,il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

3